# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| DONYEL BRADLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:09-CV-154 JVB |
| | ) | |
| BLUE CHIP CASINO | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Blue Chip Casino's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 8], filed on July 30, 2009. For the following reasons, the Court grants the Defendant's motion to dismiss.

**A.     Background and Facts**

Plaintiff Donyel Bradley, an African American man, visited Defendant Blue Chip Casino on October 9, 2008. Plaintiff approached a blackjack table that was occupied by three Caucasian males. Plaintiff asked the men if he could join their game, to which one of the men replied, "No, you can't play here Obama!" (Compl. ¶ 3.) Plaintiff angrily responded "Who the ---- you think you are?" (Compl. ¶ 3.) Again, Plaintiff was told he could not join the game.

Plaintiff then informed the pit boss about the incident, who, according to Plaintiff, did not take any action toward the three men.

Plaintiff filed his Complaint on June 2, 2009, under 42 U.S.C. § 2000a, alleging that

Defendant committed racial discrimination by condoning and refusing to address the racial slur made by one of the three men. Plaintiff further alleged that Defendant's failure to have a racial discrimination policy in place for its employees encouraged and promoted an environment of racial hostility.

Defendant filed a Motion to Dismiss on July 30, 2009. Plaintiff has not responded to the Motion.

**B.     Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). A

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

This Court's Local Rule 7.1 states that "an adverse party shall have fifteen (15) days after service of a motion in which to serve and file a response." N.D. Ind. L.R. 7.1. If an adverse party fails to respond to a motion to dismiss, the party can be defaulted for refusing to respond. *Kirksey v. R.J. Reynolds Tobacco, Inc.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

**C.     Discussion**

Although Plaintiff has failed to respond to the merits of the Motion to Dismiss and it could be deemed unopposed and therefore granted, the Court will address the adequacy of the Counts which Defendant seeks to dismiss.

Plaintiff claims that he was subjected to racial discrimination under 42 U.S.C. § 2000a. Section 2000a(a), the Public Accommodation Statute, states that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a).  While the Public Accommodation Statute clearly guarantees the right to be free from discrimination,   42 U.S.C. § 2000a-2(a), Plaintiff's Complaint fails to sufficiently allege facts to support this claim. First, Plaintiff has not alleged the elements of a racial discrimination claim under 42 U.S.C. § 2000a.  Second, Plaintiff has not alleged the elements of an injunction, which is the only remedy for violations of 42 U.S.C. § 2000a. 42 U.S.C. § 2000a-3.

First, to make a prima facie case of racial discrimination under the Public Accommodation Statute, plaintiffs must show that "(1) they are members of a protected class, (2) they were not allowed to enjoy a place of public accommodation, and (3) others outside their protected class were allowed to enjoy that place." *Carney v. Caesar's Riverboat Casino, LLC*, 4:07-cv-0032-DFH-WGH, 2009 WL 363623, *5 (S.D. Ind. Feb. 1, 2009). Here, Plaintiff has failed to state any facts that support the second element. Plaintiff was not denied service at the casino. No employee of Defendant discriminated against Plaintiff. Even if the statements of the Caucasian man could be attributed to Defendant, one comment does not rise to the level of racial discrimination. *See Weiland v. Ind. Dep't of Transp.*, 98 F. Supp. 2d 1010, 1024–25 (N.D. Ind. 2000) (finding that "[s]imple teasing, offhand comments, and isolated incidents" do not create a discriminatory environment). Further, Plaintiff has not stated any facts that would support a claim that Defendant created a racially hostile environment. Even when the facts are viewed in the light most favorable to Plaintiff, he has failed to allege facts to support a claim for which relief can be granted.

Second, under 42 U.S.C. § 2000a-3, injunctive relief is the exclusive remedy for the substantive rights guaranteed by the Public Accommodation Statute. *United States v. Johnson*, 390 U.S. 563, 567 (1968). Here, Plaintiff has asked for compensatory damages, punitive damages, attorneys fees, costs of the action, and all other relief. Because the exclusive remedy is injunctive and Plaintiff has failed to plead any of the elements of an injunction, the Complaint does not state a claim for which relief can be granted.

**D.      Conclusion**

Accordingly, the Court GRANTS the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 8].

SO ORDERED on September 25, 2009.

                                                      s/ Joseph S. Van Bokkelen
                                                     Joseph S. Van Bokkelen
                                                     United States District Judge